UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20177-CR-RUIZ

UNITED STATES OF AMERICA,

vs.

GSA INCOME AND DEVELOPMENT FUNDS, L.P.,
f/k/a UBREI CAPITAL PARTNERS, L.P.,
Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter, the "Office" or the "government") and GSA Income and Development Fund, L. P., f/k/a Ubrei Capital Partners, L.P., (the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to an Indictment which charges the defendant with the offense of wire fraud in violation of Title 18, United States Code, Section 1343.

2.  The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing

1

Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that as to the charge to which it is pleading guilty, the Court may impose a statutory maximum fine of $500,000, or not more than the greater of twice the gross gain or twice the gross loss derived from the offense, pursuant to Title 18, United States Code, Section 3571(d).

4. The defendant acknowledges that because the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay and that the Court must order the defendant to pay restitution for the full loss caused by its criminal conduct pursuant to Title 18, United States Code, Section 3663A.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this plea agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and to the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.   The Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.   The defendant is aware that the sentence has not yet been determined by the Court. The   defendant also is aware that any estimate of   the   probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the Office, or the probation office, is a prediction, not a promise, and is not binding on the Office, the probation office, or the Court. The defendant understands further that any recommendation that the Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's guilty plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Office, or a recommendation made jointly by both the defendant and the Office.

12.   The defendant further agrees to entry of a forfeiture money judgment against it, at sentencing, in the amount of $3,070,000, which represents the amount involved in the violation to which he is pleading guilty and which is therefore property subject to forfeiture pursuant to Title 1 8, United States Code, Section 981(a)(1)(C).

12. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, in such assets as will satisfy the forfeiture money judgment. Defendant agrees to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

10. Defendant knowingly and voluntarily agrees to waive any claim or defense it may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeiture money judgment and any assets used to satisfy same.

11. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets. The defendant agrees to waive any appeal for the forfeiture.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Office in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the Guideline range

4

that the Court establishes at sentencing. The defendant further understands that nothing in this plea agreement shall affect the Office's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the Office appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this plea agreement, the defendant acknowledges that the appeal waiver set forth in this plea agreement has been discussed with defendant's attorney. The defendant further agrees, together with the Office, to request that the Court enter a specific finding that the defendant's waiver of the right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. This is the entire agreement and understanding between the Office and the defendant. There are no other agreements, promises, representations, or understandings between the parties.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 11/19/19                    By: _____
                                       LOIS FOSTER-STEERS
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 11/19/19                    By: _____
                                       STUART KAPLAN, ESQUIRE
                                       ATTORNEY FOR DEFENDANT

Date: 11/19/19                    By: _____
                                       JEAN JOSEPH for DEFENDANT **GSA INCOME AND DEVELOPMENT FUNDS, L.P.,** f/k/a **UBREI CAPITAL PARTNERS, L.P.,**

5